Sylvia P. FIMBRES; Abel Fimbres;
Frank Armijo, Sr.,
Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 86–1552.

United States Court of Appeals,
Ninth Circuit.

Submitted July 23, 1987 *.

Decided Nov. 23, 1987.

Antonio D. Bustamante, Fajardo, Busta-mante, & Garcia Gallegos, Tucson, Ariz., for plaintiffs/appellants.

Gerald S. Frank, Asst. U.S. Atty., Tucson, Ariz., for defendant/appellee.

Before CHOY, FARRIS and CYNTHIA HOLCOMB HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Plaintiffs, Sylvia P. Fimbres, Abel Fimbres, and Frank Armijo, brought this action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (1982) (the "Act"). The district court dismissed their action without prejudice pursuant to Fed.R.Civ.P. 4(j) for failure to serve the complaint and summons within 120 days after filing their complaint. Plaintiffs timely appeal the dismissal. We affirm.

### I.

On May 14, 1985, plaintiffs filed a complaint against the United States under the Act, seeking damages against the Veterans Administration Hospital. Plaintiffs claim

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

that the hospital negligently failed to send medicine to Jake Armijo, who severely injured two people and killed another due to his uncontrolled paranoid-schizophrenic behavior.

On October 15, 1985, five months after the complaint was filed, the district court sua sponte issued an order to show cause why the complaint should not be dismissed pursuant to Fed.R.Civ.P. 4(j) for lack of prosecution. Plaintiffs effected service on the Attorney General on October 22, 1985. The government filed a motion to dismiss the action pursuant to Fed.R.Civ.P. 4(j). After a hearing, the court dismissed plaintiffs' action without prejudice.

## II.

Plaintiffs argue on appeal that the district court erred in dismissing their complaint because they had "good cause" for failing to serve the complaint within the 120 day limit. We review the district court's dismissal under Fed.R.Civil P. 4(j) for an abuse of discretion. *Hart v. United States*, 817 F.2d 78, 80 (9th Cir.1987).

Fed.R.Civ.P. 4(d)(4) provides that when the United States is a defendant in a civil action, service of process must be effectuated on the United States Attorney and the Attorney General. If service is not made within 120 days after the filing of the complaint, the action must be dismissed without prejudice unless the plaintiff can show "good cause" why service was not made within that period. Fed.R.Civ.P. 4(j); *Townsel v. Contra Costa County*, 820 F.2d 319, 320 (9th Cir.1987).

Neither rule 4(j) nor its legislative history defines "good cause." *Wei v. Hawaii*, 763 F.2d 370, 371 (9th Cir.1985). The only example of good cause provided by the legislative history is the obvious one of a defendant's evasion of service. *Id.* at 371 (citing 1982 U.S.Code Cong. & Ad.News 4434, 4446 n. 25). Although this court has not explicitly defined good cause, we have interpreted "good cause" to exclude mistakes of counsel and the desire to amend a complaint before service. *See, e.g. Townsel*, 820 F.2d at 320 (counsel's complete ignorance of rule did not constitute good

cause); *Hart*, 817 F.2d at 81 (secretarial misdeeds allegedly causing improper service on United States Attorney and lack of service on Attorney General were chargeable to counsel, were at best inadvertent error, and therefore, were not good cause); *Wei*, 763 F.2d at 372 (counsel's desire to amend complaint before effecting service and his inadvertent failure to calendar the Rule 4(j) deadline were not good cause).

■ Plaintiffs concede that service on the Attorney General and the United States Attorney was not effected until 157 days and 160 days, respectively, after the complaint was filed. Plaintiffs argue that they intentionally did not serve the government because service would have triggered pretrial and discovery deadlines which they sought to delay because they lacked the financial resources to prosecute the action. As the district court noted, plaintiffs did not inform the court of their financial difficulties prior to the hearing to show cause, nor did they ask the court for a continuance. Rule 4(j) is intended to force parties and their attorneys to be diligent in prosecuting their cause of action. *Id.* at 372. Intentional delay of service is more inexcusable than inadvertence. Therefore, plaintiffs' assertion that they intentionally failed to effect service within 120 days because they did not want to trigger pretrial and discovery deadlines and might be unable to prosecute the action in the foreseeable future does not constitute good cause under Rule 4(j).

Plaintiffs also contend that the district court erroneously interpreted Rule 4(j) to require that a showing of good cause justifying service past 120 days must be brought to the court's attention before the 120 days expires. Plaintiffs point to the district court judge's statement, "[T]he rule is that when you have problems you come before the Court and explain them before the deadlines."

■ Plaintiffs are correct in saying good cause under Rule 4(j) need not be presented to the court prior to the expiration of the 120 day period. However, plaintiffs take the district court judge's statement out of

context. The district court judge explained that plaintiffs' financial problems were not an excuse for plaintiffs' counsel's failure to ask for an extension of time. The district court's language does not suggest that good cause must be shown before the expiration of the 120 day period. Instead, the court simply informed plaintiffs' counsel that he should have tried to explain his clients' financial difficulties to the court and seek a continuance before the 120 days expired.

### III.

We conclude that the district court did not abuse its discretion in dismissing plaintiff's action for failure to serve the complaint and summons within 120 days after filing their complaint.

AFFIRMED.