Jerry SMITH, Plaintiff,

v.

**PENNSYLVANIA GLASS SAND CORPORATION, d/b/a the Quincy Works–Floridin Company, and the United Steel Workers of America, Local 174, and District 36, AFL–CIO–CLC, Defendants.**

No. TCA 87–40088–WS.

United States District Court,
N.D. Florida,
Tallahassee Division.

Feb. 24, 1988.

Jerry G. Traynham, Patterson & Traynham, Tallahassee, Fla., Theota McClaine, Ft. Lauderdale, Fla., for plaintiff.

C. Graham Carothers, Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, Fla., for defendants.

## ORDER

STAFFORD, Chief Judge.

The above-styled cause is before the court upon a "hybrid" suit brought by employee Jerry Smith against his employer and his union pursuant to Title 29, United States Code, Sections 160 *et seq.* Mr. Smith alleges that his employer, the Floridin company, breached the terms and condi-

tions of the collective bargaining agreement existing between the company and the union when it fired him without adequate cause. The plaintiff alleges further that in failing to pursue his grievance through arbitration, defendants, United Steel Workers of America Local 174 and District 36 AFL–CIO–CLC, violated their duty to fairly represent him. Specifically, Mr. Smith contends that the union acted arbitrarily when it failed to adequately investigate the circumstances surrounding his wrongful discharge by Floridin. *See* document 1.

Presently pending are motions to dismiss filed by Floridin Company, United Steelworkers Local, and United Steelworkers, AFL–CIO–CLC (hereinafter, the unions) pursuant to Federal Rule of Civil Procedure 4(j). *See,* documents 4, 6, 7. Counsel for plaintiff responded to these motions with a motion for leave to withdraw as counsel, motion for enlargement of time to perfect service and memorandum opposing the motions to dismiss. *See* document 12. The defendant unions responded to plaintiff's request for extension of time and plaintiff has filed a reply thereto. *See,* documents 13 and 14. A brief procedural history of the case is set out below.

On October 27, 1986, the union notified Mr. Smith that it would not pursue his grievance with Floridin through arbitration. Defendants suggest and plaintiff apparently does not dispute, that Mr. Smith's cause of action arose, if at all, on that date. Almost six months later, on April 20, 1987, the plaintiff filed his complaint. In excess of 150 days later, plaintiff served United Steelworkers Local 174 and Floridin Company with his complaint on September 23, 1987. Defendant United Steelworkers AFL–CIO–CLC was served on September 24, 1987. *See* document 8. On October 13, 1987, the clerk's office notified plaintiff's counsel that no record activity had occurred in the case since its filing and pursuant to Local Rule 10, the case would be dismissed if the inactivity persisted for 60 more days. *See* document 3. Ten days later, plaintiff filed his return of service forms and defendants began filing their respective motions to dismiss.

■ The defendants urge the court to dismiss plaintiff's complaint because Mr. Smith failed to serve them within 120 days as required by Federal Rule of Civil Procedure 4(j). That rule reads in relevant part:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Although Rule 4(j) contemplates a dismissal without prejudice, it appears that a dismissal of the instant case would in effect be a dismissal with prejudice because the statute of limitations governing plaintiff's case would bar a refiling of it. *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) held that the six month limitations period prescribed in § 10(b) of the National Labor Relations Act shall apply to suits by an employee against his employer and his union. As noted above, it seems that plaintiff's cause of action arose at the latest on October 27, 1986, when he was aware or should have been aware of the alleged injury. *See Howard v. Lockheed–Georgia Co.*, 742 F.2d 612 (11th Cir.1984). Thus, plaintiff Smith had six months from October 27, 1986 in which to file his suit. Clearly, a dismissal by this court pursuant to Rule 4(j), though a dismissal without prejudice, would effectively deprive Jerry Smith of his day in court.

Defendants correctly note that other courts have dismissed cases pursuant to Rule 4(j) even when the dismissal works the harsh result that it does here. In *Norlock v. City of Garland*, 768 F.2d 654 (5th Cir.1985), suit was filed five days before the statute of limitations ran. Plaintiff's counsel attempted to serve the complaint by mail but he did not adequately comply with the requirements of Fed.R.Civ.P. 4(c)(2)(C)(ii) allowing such service. The dis-

trict court refused to find that service by mail had been perfected and the case was dismissed pursuant to Rule 4(j). The Fifth Circuit noted that the dismissal was effectively with prejudice because the complaint was time-barred. Although recognizing that Rule 4(j) is designed to "clear a court's docket, not to prejudice a litigant whose service is defective," the appellate court refused to create an exception to the rule for cases in which dismissal without prejudice may work prejudice in fact. 768 F.2d at 658.

Similarly, in *Wei v. State of Hawaii,* 763 F.2d 370 (9th Cir.1985), plaintiff's Title VII complaint was dismissed because of his failure to even attempt service upon the defendants within Rule 4(j)'s 120 day limit. Like the *Norlock* plaintiff, Mr. Wei could not refile his complaint because it would be time-barred under the applicable statute of limitations. Wei urged the Ninth Circuit Court of Appeals to balance his deprivation of his federal cause of action against the policy behind Rule 4(j)—the prompt movement of civil actions through the courts. Rejecting a balancing approach, the court stressed that Congress had already balanced such policy considerations when it enacted the rule and mandated dismissal for failure to timely serve a complaint. Mr. Wei was bound by his attorney's failure to act and the dismissal of his case was affirmed. *See also, United States v. Kenner General Contractors, Inc.,* 764 F.2d 707, fn. 5 (9th Cir.1985) (legislative history of Rule 4(j) suggests that Congress recognized and considered the possibility that dismissal after the expiration of a statute of limitations could bar a plaintiff from bringing an action); *Braxton v. United States,* 817 F.2d 238 (3d Cir.1987) (affirming the dismissal of an action under Rule 4(j) when the complaint was filed on the last day of the limitations period but counsel unreasonably failed to monitor service of process after knowing of the process server's unexplained delinquency); and *Ordower v. Feldman,* 826 F.2d 1569 (7th Cir. 1987) (dismissal affirmed even though it was effectively with prejudice because of the statute of limitations).

In light of these authorities and the mandatory language of the rule ("the action *shall* be dismissed"), this court concludes that Congress intended Rule 4(j) to apply in all civil cases, not just in those where the plaintiff can safely suffer the dismissal and go on to refile his complaint. The issue before this court then becomes: has the plaintiff shown good cause for his failure to serve the defendants within 120 days?

■ In his memorandum opposing the motions to dismiss, plaintiff inexplicably states that Rule 4 permits the court to excuse a failure to make timely service upon a showing of good cause *or excusable neglect. See* document 12, emphasis added. It may be that the plaintiff feels that a showing of excusable neglect is what is required of him because he has now requested an extension of time in which to perfect service. Federal Rule of Civil Procedure 6(b)(2) allows a court to grant an extension upon a motion made after the expiration of the specified period, "where the failure to act was the result of excusable neglect." In *United States v. Kenner General Contractors, Inc.,* 764 F.2d 707 (9th Cir.1985), the court held that the "good cause" standard of Rule 4(j) applies regardless of whether the service issue is raised by a defendant on a motion to dismiss under Rule 4(j), or is raised by the plaintiff's motion for extension of time under Rule 6(b)(2). This court agrees with the *Kenner General* approach: after the Rule 4(j) 120 day period has expired, a trial judge may grant an extension of time to serve a complaint only when the party has satisfied Rule 4(j)'s good cause requirement. 764 F.2d at 711. Not only does this approach avoid the difficult determination of what, if any, are the differences between the two standards, it comports with common sense.

Neither Rule 4(j) nor its legislative history defines "good cause." The only example of good cause provided by the legislative history is the obvious one where the delay is caused by a defendant's evasion of service. *Wei v. State of Hawaii,* 763 F.2d at 371. The cases construing the rule provide more insight into the meaning of the

term. *See, Norlock v. City of Garland, supra,* 768 F.2d 654 (no good cause shown when plaintiff failed to adequately comply with the service by mail requirements and then, did not even attempt personal service); *Wei v. State of Hawaii, supra,* 763 F.2d 370 (a desire to file an amended complaint and counsel's inadvertent failure to calendar the 120 day limit is not good cause); *United States v. Kenner General Contractors, Inc., supra,* 764 F.2d 707 (no good cause shown where plaintiff's counsel tried unsuccessfully to obtain defendant's corporate address from the Secretary of State, did acquire a telephone number for defendant from an out of state phone book, but tried only once to reach the defendant at that number); *Braxton v. United States, supra,* 817 F.2d 238 (3d Cir.1987) (no good cause shown where 90 days after filing the complaint counsel contacted his process server, found that service had not been made, then unreasonably relied upon the process server's assurance that service would be effected); *Gordon v. Hunt,* 116 F.R.D. 313 (S.D.N.Y.1987) (no good cause shown where plaintiffs made two good faith efforts to serve defendant by mail, but service was not accomplished until four years after filing the complaint, and defendant was a regular visitor in the United States at predictable times and places); and *Fimbres v. United States,* 833 F.2d 138 (9th Cir.1987) (plaintiffs' intentional failure to serve the government because service would have triggered pretrial and discovery deadlines which they sought to delay because they lacked the financial resources to prosecute the action could not constitute good cause especially when plaintiffs failed to inform the court of their financial problems or ask for a continuance).

██ With these cases in mind, the court reviews Mr. Smith's several explanations for his failure to timely serve the defendants in this case. *See,* documents 12 and 14. First, counsel relates that the plaintiff did not want to force the defendants to defend a suit which he might not have the financial resources to litigate. For this reason, Mr. Smith filed the complaint but did not authorize his attorney to serve it.

Jerry G. Traynham, the plaintiff's lawyer, was presumably unable to obtain Smith's permission to serve the complaint because Smith's far-reaching efforts to obtain new employment kept him incommunicado. Finally, counsel for plaintiff explains that he has not filed pleadings on behalf of Mr. Smith for an unspecified period of time because he no longer has an attorney-client relationship with the plaintiff due to "differences between the plaintiff and counsel." *See* documents 12 and 14. Mr. Traynham informs the court that plaintiff has retained a new attorney to represent him named Theota McClaine, Jr. Mr. McClaine asked Mr. Traynham to explain plaintiff's failure to timely serve the defendants to this court. Although a notice of appearance was expected from Mr. McClaine as early as January 22, 1988, there is no notice presently in the record.

Several things are significant about the foregoing explanation by the plaintiff. First, it is clear that plaintiff made no attempt to serve the defendants within the 120 days required by the rule. Like the plaintiff in *Fimbres* discussed above, Mr. Smith did not explain his financial difficulties to the court prior to the expiration of the 120 day period. While Mr. Traynham may have lacked his client's authority to serve the complaint, surely it cannot be argued that counsel needed permission from his client to timely file a motion to extend the 120 day period. Moreover, while Mr. Traynham relates that late in 1987, his attorney-client relationship with the plaintiff came to an end, there is nothing to suggest that Mr. Traynham was not plaintiff's attorney in late August, 1987 by which time the defendants should have been served.

Indeed, after reviewing plaintiff's explanations, it seems that Mr. Smith's delay has been almost intentional. Rule 4(j) is intended to force parties to be diligent in prosecuting their cases. *Fimbres,* 833 F.2d at 139. Plaintiff cannot deliberately or even inadvertently "wait and see" if his financial resources improve enough to allow him to diligently prosecute his case. While the court is sympathetic to the plight of the working man, it cannot condone the actions

of a plaintiff who files a complaint, waits 150 or so days to serve it and then, in response to motions to dismiss under Rule 4(j), argues that he lacked the resources and the time to prosecute it.

In conclusion, this court finds that plaintiff has not shown good cause for his failure to serve the defendants within the 120 day period established in Rule 4(j). The lack of prejudice to the defendants does not appear to be a relevant factor under the rule, nor would it alter the court's finding on the good cause issue, should it be an appropriate consideration.

Accordingly, it is ORDERED:

1. Defendants' motions to dismiss, documents 4 and 6, are hereby GRANTED, and the plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is directed to enter judgment accordingly.

2. Plaintiff's motion for extension of time in which to perfect service, document 12, is DENIED.

3. Jerry G. Traynham's motion to withdraw as counsel for plaintiff is GRANTED.