855 F.2d 862
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Jose Meliton RANGEL, Lucila Pacheco, Antonio Pacheco, Angel
Ramirez, Guadalupe Moreno, and Ceverina Ramirez,
Plaintiffs-Appellants,
v.
COUNTY OF SAN JOAQUIN, et al., Defendants-Appellees.
 No. 87-1953.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1988.*
Decided Aug. 2, 1988.
 Before SKOPIL, SCHROEDER and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Meliton Rangel, Lucila Pacheco, Antonio Pacheco, Angel Ramirez, and Ceverina Ramirez (appellants) appeal the order dismissing their 42 U.S.C. Sec. 1983 action against the County of San Joaquin for failure to serve process within 120 days of the filing of their complaint. Fed.R.Civ.P. 4(j) requires dismissal of an action without prejudice if the plaintiff does not serve the summons and complaint within 120 days after filing the complaint, unless good cause is shown why service was not made within the prescribed time. Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir.1987). We affirm because appellants have failed to demonstrate good cause for their failure to serve the complaint and summons within 120 days.
 
 
 3
 Appellants admit that they did not comply with Rule 4(j). Nevertheless, appellants argue that the district court abused its discretion in concluding that the reasons they advanced for their failure to comply with Rule 4(j) did not constitute good cause. Appellants offered five reasons to excuse their noncompliance with Rule 4(j).
 
 
 4
 1. Their attorney's secretary unwittingly allowed the 120-day period to run.
 
 
 5
 2. Their attorney's process server could not serve process on the County of San Joaquin because he did not have an address for service.
 
 
 6
 3. Their attorney's secretary was unable to obtain the exact address for service until November 25, 1985.
 
 
 7
 4. Their attorney did not know the time for that service was 120 days.
 
 
 8
 5. Their attorney was confused about service of a lodged complaint.
 
 
 9
 The district court did not abuse its discretion in concluding that these reasons did not demonstrate good cause. Mistakes of counsel or his employees, and ignorance of the requirements of the law do not establish good cause for failure to comply with Rule 4(j). Fimbres v. United States, 833 F.2d 138, 139 (9th Cir.1987); Hart v. United States, 817 F.2d 78, 81 (9th Cir.1987).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3