891 F.2d 295
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Janet LUCAS, personally and as the personal representative
of the Estate of Andrew Robert Lucas and as
Guardian for Mark Andrew Lucas and
Deborah Lynn Lucas, Plaintiff-Appellant,
v.
INNOCENZO NATOLI, Jane Doe Natoli, husband and wife, Filippo
Quinci, Jane Doe Quinci, husband and wife, Paul Oakman, Jane
Doe Oakman, husband and wife, Hughes Helicopters, Inc., a
corporation and division of McDonnell Douglas Corporation,
Birds Nest Corporation, a corporation, Atun, C.A., M/V Mary
Patricia, Melvin Cain, Individually, Skydance Helicopters,
Defendants-Appellees,
Van Camp Sea Foods, a corporation and division of Ralston
Purina Company, Defendant-Appellee
 No. 88-6207.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1989.
Decided Dec. 1, 1989.
 
 Before HUG, CANBY and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Janet Lucas timely appeals the district court's dismissal of her complaint.[1] The complaint was dismissed for failure to serve the defendants within the 120 days permitted by Fed.R.Civ.P. 4(j). The trial court entered its Rule 54(b) certificate of final judgment and we have jurisdiction under 28 U.S.C. 1291. We affirm.
 
 
 3
 On December 28, 1983, Janet Lucas' husband piloted a helicopter which crashed. She filed a wrongful death suit on December 29, 1986, the last possible day permitted under the statute of limitations. The attorney who filed the complaint informed her that he would not litigate the case, and advised that she seek new counsel. Lucas claims that she relied on her first attorney's advice not to serve the defendants. She hired new counsel on May 14, 1987, but still had not served the defendants on August 24, 1987, when a brief ex parte hearing was held to determine whether to dismiss her complaint pursuant to Rule 4(j). Lucas' attorney told the judge that he was new counsel and that Lucas needed to be appointed personal representative of her husband's estate.
 
 
 4
 The judge said "Give you ninety days to effectuate service," continued the hearing until December 14, 1987, and did not formally grant or deny the Rule 4(j) motion to dismiss. Lucas served the domestic defendants within 90 days and the continued Rule 4(j) hearing was not on the December 14th docket.
 
 
 5
 In motions and answers, several defendants raised the issue of untimely service. On March 14, 1988, the judge heard argument, found no good cause for Lucas' failure to serve within 120 days after filing, and dismissed the complaint against those defendants. The judge later dismissed the action against other defendants who had not raised the issue.
 
 
 6
 We review the Rule 4(j) dismissals for abuse of discretion. Fimbres v. United States, 833 F.2d 138, 140 (9th Cir.1987).
 
 
 7
 Lucas argues that the trial judge gave her a 90-day extension to serve the defendants, and then improperly withdrew that extension. We disagree. The trial judge did not think he had ruled on good cause at the August 24th hearing. Further, the trial judge noted that, if a finding of good cause was implicit in his statements on August 24th, then it was error, because "that wasn't my intention, that I did find good cause one way or the other, because I had nothing before me to make such a finding."
 
 
 8
 The August 24th hearing was almost eight months after the filing of the complaint. Without a showing of good cause for failing to serve, dismissal at such a late date is mandatory. See Fimbres v. United States, 833 F.2d at 139; Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir.1985); Fed.R.Civ.P. 4(j). The trial judge has some flexibility in determining whether the plaintiff has shown "good cause," because the term has not been defined by either Congress or case law. See Fimbres v. United States, 833 F.2d at 139. Neglect, attorney error, desire to amend the complaint, and ignorance of Rule 4 have not been sufficient reasons to reverse dismissals for failing to serve. Wei v. State of Hawaii, 763 F.2d at 372 (Rule 4(j) is intended to force parties and attorneys to be diligent.); Fimbres v. United States, 833 F.2d at 139; Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). Lucas offers nothing to compel a finding of good cause.
 
 
 9
 Lucas urges that the judge's few words at the August ex parte hearing are evidence of a ruling on good cause. We do not so read the judge's comments. The judge said nothing regarding the presence or absence of good cause, and he later asserted that he intended no such ruling.
 
 
 10
 An untimely appeal may be heard if the appellant delayed the appeal in reliance on erroneous judicial action. United Artists Corp. V. La Cage Aux Folles, Inc., 771 F.2d 1265, 1268 (9th Cir.1985). Lucas urges that a similar doctrine should apply in this case, as she acted to serve the defendants in reliance on the judge's extension of time. Her logic fails because the delay in serving the defendants was not caused by anything the trial judge said or did. At the time of the August 24th hearing, Lucas had far surpassed the permitted 120 days.
 
 
 11
 Lucas also argues that the judge should not have dismissed the complaints against the defendants who did not mention the untimely service in their answers. Defendants waive the defense of insufficiency of service of process if they do not include it in their answer, or ina rule 12(b) motion. Fed.R.Civ.P. 12(h)(1). The purpose of Rule 12(h)(1) is to force litigants to challenge personal service at the earliest possible time and not file a series of delaying 12(b) motions. Church of Scientology v. Linberg, 529 F.Supp. 945, 967 (C.D.Cal.1981). We need not decide whether the defendants waived the defense of sufficient service of process pursuant to Rule 12(h), because Rule 4(j) clearly states that an action may be dismissed for failure to serve "upon the court's own initiative." Fed.R.Civ.P. 4(j). Lucas contends that the court could dismiss the action only as a Rule 41(b) involuntary dismissal for failure to prosecute, which would have required defendants to show prejudice from the delay. Not only does this contention ignore the plain words of Rule 4(j), but Lucas did not raise this issue below.
 
 
 12
 We find no abuse of discretion and affirm the dismissals.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Lucas brought a wrongful death suit personally and as personal representative of her husband's estate, and as guardian for their children