959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mel M. MARIN, Plaintiff-Appellant,
v.
BRIGHAM YOUNG UNIVERSITY, and Does 1-XX inclusive,
Defendants-Appellees.
 No. 88-6254.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mel Marin appeals pro se the district court's order dismissing his action without prejudice for failure to serve defendant with a copy of the summons and complaint within 120 days of filing pursuant to Fed.R.Civ.P. 4(j). Marin contends that the district erred in dismissing his action because he had "good cause" for failing to serve the complaint within the 120-day time limit. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's dismissal under Rule 4(j) for an abuse of discretion. See Hart v. United States, 817 F.2d 78, 80 (9th Cir.1985).
 
 
 4
 Rule 4(j) provides that an action against a defendant shall be dismissed without prejudice if that defendant is not served with a copy of the summons and complaint within 120 days of filing the complaint unless the plaintiff can show good cause why service was not made within that time. Fed.R.Civ.P. 4(j). Neither Rule 4(j) nor its legislative history define "good cause."
 
 
 5
 Here, Marin filed his action against Brigham Young University on December 14, 1987, alleging breach of contract, invasion of privacy, and several other claims. On June 14, 1988, the district court dismissed the action for failure to serve the defendant within 120 days of filing pursuant to Fed.R.Civ.P. 4(j). Marin states that at the time he filed the action he was unable to substantiate his claims. He argues that he did not serve the defendant to avoid the possibility of dismissal with prejudice for failure to state a claim, and the imposition of sanctions against him. He also argues that he could not amend his complaint to substantiate his claims within the 120-day period because he was denied access to a litigation file in the possession of an attorney he had hired to pursue a prior personal injury action. Marin, however, neither attempted to serve the defendant within the 120-day period prescribed by Rule 4(j), nor did he seek an extension of time in which to serve. Moreover, this court has interpreted "good cause" to exclude the desire to amend a complaint before service. See Fimbres v. United States, 833 F.2d 138, 139 (9th Cir.1987) (citation omitted). Thus, Marin's arguments are meritless and the district court did not abuse its discretion by dismissing Marin's action under Rule 4(j). See id.; Fed.R.Civ.P. 4(j).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3