967 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony Mcilvain OSTHEIMER; Mary Bacon Parke Ostheimer,
Plaintiffs-Appellants,
v.
Veronica GALL, et al., Defendants-Appellees.
 No. 91-35322.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1991.*
Decided June 8, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony and Mary Ostheimer appeal pro se the dismissal of their complaint and the imposition of sanctions and attorney's fees. They brought suit against the Internal Revenue Service, individual agents of the IRS, and against persons and corporations who honored the IRS levies. We affirm.
 
 
 3
 Proper service was not made upon the United States or its officers or agents pursuant to Federal Rules of Civil Procedure 4(d)(4) and 4(d)(5).[1] Judge Lovell, in his order granting the Ostheimers' motion to proceed in forma pauperis, informed them that "by naming particular individuals as officers of the Internal Revenue Service, [they] have made a claim against the United States acting through the Department of Internal Revenue."
 
 
 4
 To avoid dismissal for failure to serve the complaint and summons on the proper party, the Ostheimers must show "good cause". See Fimbres v. United States, 833 F.2d 138 (9th Cir.1987). Because they offered no reasons for their failure to serve the United States, the district court properly dismissed their complaint.
 
 
 5
 The district court also properly dismissed the nonfederal appellees who honored the IRS levies. 26 U.S.C. § 6332(a)[2] requires that any person possessing property must surrender that property upon receipt of an IRS levy. Section 6332(e)[3] immunizes those who comply with the levy. Because those appellees complied with the levy, they are statutorily immune from liability.
 
 
 6
 Both federal and non-federal appellees request costs and attorney's fees. Although the courts are generally more solicitous of the rights of pro se litigants, Borzeka v. Heckler, 739 F.2d 444, 447 n. 2 (9th Cir.1984), the Ostheimers are not entitled to special treatment. They are appearing here for the second time, raising a number of similar issues. In Ostheimer v. Lindquist, No. 90-35247, we affirmed the district court's summary judgment in favor of the IRS and denial of a writ of mandamus.
 
 
 7
 The Ostheimers are well aware of the frivolousness of their appeal. We award both sets of appellees their attorney's fees and costs on this appeal and we also affirm the district court's award of sanctions.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Fed.R.Civ.P. 4(d)(4) states:
 service is made upon the United States by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney, and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.
 Fed.R.Civ.P. 4(d)(5) states that:
 service is made upon an officer or agency of the United States by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency.
 
 
 [2]
 26 U.S.C. § 6332(a) states:
 Any person in possession of ... property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights ... to the Secretary.
 
 
 [3]
 26 U.S.C. § 6332(e) states:
 Any person in possession of ... property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property ... to the Secretary ... shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.