**Shihshu Walter WEI,
Plaintiff-Appellant,**

v.

**STATE OF HAWAII, et al.,
Defendants-Appellees.**

No. 84–2172.

United States Court of Appeals,
Ninth Circuit.

Submitted April 25, 1985.

Decided June 11, 1985.

Charles S. Lima, Honolulu, Hawaii, for plaintiff-appellant.

Tany Hong, Atty. Gen., State of Hawaii, Honolulu, Hawaii, for defendants-appellees.

Before FARRIS, PREGERSON, and BEEZER, Circuit Judges.

PER CURIAM:

INTRODUCTION

Shihshu Walter Wei filed his complaint in this employment discrimination and civil rights action on October 31, 1983. Wei made no attempt to serve the summons and complaint upon any of the defendants within the 120 day limit prescribed by Rule 4(j) of the Federal Rules of Civil Procedure. The district court dismissed the action without prejudice pursuant to Rule 4(j) on May 25, 1984. Wei filed an ex parte application for reinstatement of the action on June 4, 1984 together with an affidavit signed by his attorney stating that service had not been effected within the 120 day limit because Wei desired to add state contract claims to his complaint prior to service but "was delayed in amending the Complaint" and because counsel inadvertently had not calendared the 120 day limit. The district court denied the ex parte application on the same day that it was filed. Wei appeals the denial of his application for reinstate-ment, asserting that his counsel's affidavit shows good cause for his failure to effect service timely. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

STANDARD OF REVIEW

We review a district court's dismissal of a complaint pursuant to Rule 4(j) for abuse of discretion. *See Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir.1976) (district court's dismissal of complaint pursuant to Rule 41(b) for failure to prosecute by willfully delaying service of process "will not be overturned unless the district judge clearly abused his [or her] discretion"). *See also Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668, 675 (9th Cir. 1975).

DISCUSSION

Rule 4(j) of the Federal Rules of Civil Procedure provides:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j). Wei made no attempt to serve any of the defendants within the 120 day period prescribed by Rule 4(j). Although Wei does not raise the point, the district court apparently did not fulfill Rule 4(j)'s requirement of giving him notice of its intention to dismiss the action. In his application for reinstatement of the action, however, Wei had an adequate opportunity to demonstrate good cause for his failure to serve the defendants within the 120 day limit.

Neither rule 4(j) nor its scant legislative history define "good cause." The only example of good cause provided by the legislative history is the obvious one of a defendant's evasion of service. 1982 U.S. Code Cong. & Ad.News 4434, 4446 n. 25.

■ Wei's desire to amend his complaint before effecting service does not constitute good cause. Wei has not attempted to explain how he "was delayed in amending the Complaint." Moreover, he could have amended the original complaint after serving it upon the defendants. Fed.R.Civ.P. 15(a).

The inadvertence of Wei's counsel likewise does not qualify as good cause for Wei's failure to comply with Rule 4(j). The rule is intended to force parties and their attorneys to be diligent in prosecuting their causes of action. *See Geller v. Newell,* 602 F.Supp. 501, 502 (S.D.N.Y.1984) ("The harsh sanction of Rule 4(j) is appropriate to those cases in which non-service was the result of mere inadvertence."); *Arroyo v. Wheat,* 102 F.R.D. 516, 518 (D.Nev.1984) (Rule 4(j) is aimed at "[i]advertent or heedless non-service"); *Coleman v. Greyhound Lines, Inc.,* 100 F.R.D. 476, 477 (N.D.Ill. 1984). *See also Davidson v. Keenan,* 740 F.2d 129, 132 (2d Cir.1984) (inadvertence or oversight of counsel does not constitute "excusable neglect" that might justify an extension of time for filing papers under Fed.R.Civ.P. 6(b)(2) ).

Wei does not contend that either he or his attorney attempted to serve the defendants, *cf. Geller,* 602 F.Supp. 501, was confused about the requirements for service of process, *cf. Arroyo,* 102 F.R.D. 516, or was prevented from effecting service within the 120 day limit by factors beyond his control. *Cf. Moorehead v. Miller,* 102 F.R.D. 834 (D.V.I.1984). If we were to hold that Wei's attorney's inadvertent failure to calendar the Rule 4(j) deadline constitutes "good cause," the good cause exception would swallow the rule. The rule places the burden of showing good cause for failure to meet the 120 day deadline upon the party on whose behalf service was required. Counsel always could aver that he or she inadvertently forgot about the 120 day limit. In most cases, it would be extremely difficult to refute such an averment. *Cf. Redding v. Essex Crane Rental Corp. of Alabama,* 752 F.2d 1077, 1078 (5th Cir. 1985) (plaintiff's counsel intentionally refused to comply with Rule 4(j) in order to manipulate claim in state court). A show-ing of "good cause" within the meaning of Rule 4(j) therefore contemplates more than a simple averment that counsel inadvertently forgot about the time limit that the rule imposes.

■ If Wei's action is dismissed, his employment discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17, will be time barred. Wei asks us to balance his deprivation of this federal cause of action against the policy behind Rule 4(j) of promoting prompt movement of civil actions through the federal courts. But Congress balanced such policy considerations in enacting Rule 4(j). By providing that district courts "shall" dismiss a complaint served over 120 days after its filing unless service took place in a foreign country or good cause for untimely service has been shown, Congress mandated dismissal in the circumstances of this case. We recognize that Wei may be harmed by his attorney's neglect, but "litigants are bound by the conduct of their attorneys, absent egregious circumstances which are not present here." *Kung v. FOM Investment Corp.,* 563 F.2d 1316, 1318 (9th Cir.1977) (citing *Anderson v. Air West, Inc.,* 542 F.2d 522, 526 (9th Cir.1976) ).

AFFIRMED.