Michael T. MATHIS, Plaintiff,

v.

The BOEING COMPANY and the International Association of Machinists and Aerospace Workers, AFL–CIO, Defendants.

No. C86–483M.

United States District Court, W.D. Washington.

April 1, 1987.

As Amended July 28, 1987.

C. Robert Collins, Everett, Wash., for plaintiff.

Russell L. Perisho, Timothy J. O'Connell, Perkins Coie, Seattle, Wash., for Boeing Co.

Hugh Hafer, Hafer Price Rinehart & Schwerin, Seattle, Wash., for Intl. Assoc. of Machinists.

## ORDER ON MOTION TO DISMISS PARTY DEFENDANT

McGOVERN, Chief Judge.

The International Association of Machinists and Aerospace Workers, AFL–CIO ("IAM"), a defendant herein, asks the Court to dismiss them from this action pursuant to Fed.R.Civ.P. 4(j).

### FACTS

In August of 1985, Michael T. Mathis was discharged from The Boeing Company for allegedly smoking marijuana during his lunch hour. Mathis filed a grievance with District Lodge 751 of the International Brotherhood of Electrical Workers ("Local 751"). After conducting an investigation, Local 751 decided that Mathis' grievance lacked merit and refused to pursue arbitration on his behalf.

Mathis filed a lawsuit in state court on March 21, 1986. On April 17, 1986, the action was removed to this court. Mathis alleges that Local 751 and its national affiliate, IAM, breached their duty of fair representation.

To commence this lawsuit, plaintiff served a summons and complaint on William Walkama, the Secretary-Treasurer of Local 751. No other attempt was made to serve IAM. Over 120 days has elpased since this action was removed to federal court.

### FEDERAL RULE OF CIVIL PROCEDURE 4(j)

Because Fed.R.Civ.P. 4(j) is crucial to this case, the text is set forth below:

(j) *Summons: Time Limit for Service.* If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

### ARGUMENT

I. *Defendant—IAM*

IAM contends it is an entity legally distinct from Local 751. According to IAM, no one at Local 751 was authorized to accept service on its behalf. IAM reasons that because it has never been served, and because more than 120 days have passed since the filing of the lawsuit, dismissal is mandated by Fed.R.Civ.P. 4(j).

In support of its argument, IAM alleges that it and Local 751 have separate officers, staff, and bank accounts. IAM contends that it does not interfere with or control the affairs of Local 751. Under these circumstances, IAM argues that service on the local is not service on the international. *See, Bacino v. American Federation of Musicians*, 407 F.Supp. 548 (1976).

Finally, IAM cites *Wei v. Hawaii*, 763 F.2d 370 (9th Cir.1985) for the proposition that dismissal under Fed.R.Civ.P. 4(j) is mandatory unless "good cause" is shown by the plaintiff for his failure to serve the defendant within the 120 day limit. Here, IAM contends that Mathis lacks good cause because:

1. IAM is identified as a separate organization in the very collective bargaining agreement plaintiff is trying to enforce.

2. IAM, in its Answer, asserted as affirmative defenses "lack of personal jurisdiction" and "insufficient service of process."

## II. *Plaintiff—Mathis*

Mathis cries "foul". He says IAM fully participated in this lawsuit without raising this issue, then ambushed him. Mathis argues that dismissal under Fed.R.Civ.P. 4(j) is discretionary. He contends the appropriate remedy is to permit him to amend process pursuant to Fed.R.Civ.P. 4(h), and permit him to amend his complaint to include IAM as a party defendant. According to Mathis, this would cause no prejudice to IAM.

Finally, Mathis claims support from *Winters v. Teledyne Movible Off-Shore, Inc.*, 776 F.2d 1304 (5th Cir.1985). He contends that, pursuant to *Winters*, dismissal is discretionary where the plaintiff has made reasonable efforts to ascertain the proper defendant. Here, Mathis musters the following facts to support his position:

1. Prior to the lawsuit, plaintiff contacted the State of Washington to determine the registered agent for IAM. According to plaintiff, none was found.

2. A booklet given employees indicates Local 751's affiliation with IAM.

3. Plaintiff's counsel alleges that he "contacted the Union directly to learn who was the local representatives of (IAM)." He states he was informed that the proper person to serve was the Secretary-Treasurer of the District Lodge.

## ANALYSIS

■ The threshold issue is whether IAM was, in fact, served. The parties agree that only William Walkama, the Secretary-Treasurer of Local 751, received a copy of the summons and complaint within the 120 day period set forth in Fed.R.Civ.P. 4(j). Was this service on IAM? The Court has reviewed the authority cited by IAM supporting its contention that service on the local does *not* effect service on the international. The authority cited is sound. Accordingly, the Court concludes that IAM was not properly served.

■ Next, the Court turns to Plaintiff's contention that dismissal under Fed.R. Civ.P. 4(j) is "discretionary". He is wrong. The rules states that "the action *shall* be dismissed...." (emphasis added). Further, even the *Winters* case relied upon by plaintiff states that dismissal under Fed.R. Civ.P. 4(j) is mandatory unless "good cause" is shown. *Winters, supra* at 1305.

*Winters* also states that the burden of showing "good cause" for failing to serve the defendant within the 120 days alloted is on the plaintiff. In attempting to define "good cause", the court in *Winters* made the following observation:

> [I]t would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice....

*Winters, supra* at 1306.

■ Here, the Court finds that plaintiff has failed to meet the burden of establishing "good cause". Particularly damaging to plaintiff is IAM's Answer wherein IAM asserted as affirmative defenses, "The Court does not have jurisdiction over the person of the Union," and "Service of process on the Union is insufficient". IAM's Answer was served upon plaintiff (by mail) on April 15, 1986, leaving plaintiff the full 120 days to respond before the time limit imposed by Fed.R.Civ.P. 4(j) expired. He did nothing. Also noteworthy is the absence of a notice of appearance on the part of IAM.

The Court is aware that dismissal of IAM may result in plaintiff's claim being time barred. Unfortunately for plaintiff, it is the law of the Ninth Circuit that litigants are bound by the conduct of their attorneys, absent egregious circumstances. *Wei v. State of Hawaii, supra* at 372. The

Court finds no egregious circumstances here. Accordingly, it is hereby

ORDERED that all causes of action against IAM in the above-captioned matter are dismissed without prejudice.

The Clerk of the Court shall direct uncertified copies of this order to counsel of record.