**Richard K. HAINES, Plaintiff,**

v.

**Donald J. QUIGG, Commissioner of Patents and Trademarks, Washington, D.C., Defendant.**

Civ. No. S 87–425.

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 19, 1987.

John D. Ulmer, Michael F. DeBoni, Goshen, Ind., Richard Bushnell, Chicago, Ill., for plaintiff.

Clifford D. Johnson, Asst. U.S. Atty., South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This court, after reviewing the parties' fully briefed cross-motions for summary judgment and conducting a hearing in open court on November 3, 1987, now rules on such motions in the above cause numbered action. For reasons set forth below, defendant's motion for summary judgment is hereby GRANTED and plaintiff's motion DENIED.

This court has subject matter jurisdiction of this action under 28 U.S.C. § 1361 and 28 U.S.C. § 1331. Section 1361 of Title 28 gives district courts original jurisdiction of "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." See also *Commissariat A L'Energie Atomique v. Watson*, 274 F.2d 594, 596–97 (D.C.Cir. 1960). Here, plaintiff is asking the court to compel the Commissioner of Patents and Trademarks to revive plaintiff's patent application of October 9, 1979.

Section 1331 of Title 28 of the United States Code also confers jurisdiction on the district court in this case. This section gives district courts jurisdiction of cases arising under laws of the United States. This case arises under United States Code Title 35 which governs the field of patents, and especially under 35 U.S.C. §§ 120 and 133 which deal particularly with the relation back of patent filing dates, abandonment, and unavoidable delay in prosecuting an application. Because there is no statutory provision which prescribes specific judicial review procedure for the commissioner's decisions regarding revival of patent applications, review is in the district court under 28 U.S.C. § 1331. *Beerly v. Department of Treasury*, 768 F.2d 942, 945 (7th Cir.1985), *cert. denied*, 475 U.S. 1010, 106 S.Ct. 1184, 89 L.Ed.2d 301 (1986) (citing Administrative Procedure Act, § 10(b), 5 U.S.C. § 703).

The undisputed facts of this case are summarized below.

Plaintiff Haines first filed his application for a patent for a "Venetian Blind and Frame Unit for Motor Vans" in the Patent and Trademark Office (PTO) on October 9, 1979. Haines was represented at the time by patent attorney Eugene C. Knoblock. The patent application was rejected and the examiner set three (3) months as the period within which Haines could respond to the rejection. Such response was never filed and the PTO sent notice of abandonment to plaintiff's attorney, Knoblock.

A second application was likewise filed, rejected, never responded to, and finally abandoned on February 24, 1983. In 1983, a third application was filed. Finally, in January, 1984, the patent examiner issued a "notice of allowability." The next month, Haines hired present counsel to represent him in place of Knoblock. In April of that year, Haines was issued U.S. Patent No. 4,444,239.

On July 19, 1984, a fourth patent application was filed seeking to reissue Patent No. 4,444,239. A "notice of allowability" was entered in this fourth reissue application. Two years later, Haines filed a petition to withdraw the fourth patent application in order to amend it to refer to the original application of October 9, 1979 to obtain the benefit of the prior filing date. Haines filed a petition to revive the first application on June 6, 1986. The petition was dismissed by the PTO. The opinion noted that Haines had failed to present any facts which would tend to explain the lack of response to the first application. The opinion went on to state that "[i]n this regard, it is apparent that appropriate statements of fact from the former attorney must be submitted." A few weeks after the opinion was released, Haines filed a second petition to revive the first application. This petition was also denied. The opinion stated that there was nothing in the record to show the cause of the delay, much less that it was unavoidable. It went on, "[A]s applicant has failed to meet his burden establishing unavoidable delay within the meaning of 35 U.S.C. § 133 and 37 C.F.R. 1.137(a), the petition cannot be granted."

Plaintiff now seeks judicial review of the Commissioner's ruling.

### I.

This court has the power to review the Commissioner's decision as conferred by the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.* (judicial review provisions). *See Camp v. Pitts*, 411 U.S. 138, 93 S.Ct. 1241, 1243, 36 L.Ed.2d 106 (1973); *Beerly v. Dept. of Treasury*, 768 F.2d 942, 945 (7th Cir.1985). Such review is limited however, to a determination of whether the agency finding was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Camp, supra,* 93 S.Ct. at 1244 (citing 5 U.S.C. § 706(2)(A)); *Beerly, supra,* 768 F.2d at 945; *Smith v. Mossinghoff,* 671 F.2d 533, 538 (D.C.Cir. 1982). The court must now use its power of judicial review to scrutinize the factual record of this case and formulate conclusions of law. In applying the "arbitrary and capricious" standard, this court must focus its review on the administrative

record already in existence, not some new record made initially in this court. 5 U.S.C. § 706(2)(A); *Camp, supra,* 93 S.Ct. at 1244. The conclusions are fairly simple and straightforward. Plaintiff has failed to meet his burden of proof as stated in 35 U.S.C. § 133 and 37 C.F.R. § 1.137(a).

Section 133 reads as follows:

Upon failure of the applicant to prosecute the application within six months after any action therein, of which notice has been given or mailed to the applicant, or within such shorter time, not less than thirty days, as fixed by the Commissioner in such action, the application shall be regarded as abandoned by the parties thereto, *unless it be shown to the satisfaction of the Commissioner that such delay is unavoidable.* (emphasis added)

The Code of Federal Regulations specifically sets out the procedure for complying with § 133:

An application abandoned for failure to prosecute may be revived as a pending application if it is shown to the satisfaction of the Commissioner that the delay was unavoidable. A petition to revive an abandoned application must be promptly filed after the applicant is notified of, or otherwise becomes aware of, the abandonment, and must be accompanied by a showing of the causes of delay, by the proposed response unless it has been previously filed, and by the petition fee set forth in § 1.17(*l*). Such showing must be a verified showing if made by a person not registered to practice before the Patent and Trademark office.

■ The Commissioner denied plaintiff's petition twice because plaintiff failed to convince the Commissioner that the delay was "unavoidable." In order to determine whether the Commissioner's ruling was arbitrary or capricious, this court must first decide what constitutes "unavoidable delay." There is scant case law guidance and no legislative history which defines "unavoidable delay." The term as it is contained in 35 U.S.C. § 133 has remained unchanged since first enacted in 1861. *Smith, supra,* 671 F.2d at 538. Cases

which have dealt with the term appear to conclude that "unavoidable delay" must be determined on a "case-by-case basis, taking all of the facts and circumstances into account." *Id.* at 538 [citing *Commissariat A L'Energie Atomique v. Watson*, 274 F.2d 594, 596–97 (D.C.Cir.1960); *Potter v. Dann*, 201 U.S.P.Q. 574 (D.D.C.1978); *In re Decision Dated February 18, 1969*, 162 U.S.P.Q. 383 (Comm'r Pats.1969)]. It is also clear that "unavoidable delay" must be judged by the Commissioner on the basis of the "reasonably prudent person" standard. *Ex Parte Pratt*, 1887 Dec. Comm'r Pat. 31, 32–33 (Comm'r Pats.1887).

■ Taking such precedent into account with reference to the facts of this case, this court can only conclude that the Commissioner's decision was not arbitrary or capricious and therefore cannot be set aside. On the contrary, the decision makes perfect sense. As the Commissioner pointed out, plaintiff failed to advance *any* reason for the delay, let alone proving that the delay was unavoidable. Plaintiff's "Verified Renewed Petition to Revive the Abandoned Application" states only that, "[a]s to the verified showing of the cause of the unavoidable delay, applicant encloses herewith a Declaration with attachments of attorney Knoblock...." That declaration gave the Commissioner nothing in the way of an explanation of the delay. Knoblock stated he had no files or current recollection of the events in question. Plaintiff also submitted a "Declaration of Richard K. Haines in Support of Petition to Revive." The declaration noted that he (Haines) understood all along that the later applications were entitled to the 1979 filing date. He also claimed that he never saw the notice of abandonment which was mailed to Knoblock in September of 1981.

It may well be that plaintiff himself did not understand the legal ramifications of failing to respond to the Commissioner's notification of final rejection. However, plaintiff was represented by an attorney who claims to be an expert in patent law. That attorney has been unable to offer any reason for the failure to respond to the final rejection, saying he has no memory of

the events surrounding such failure. He also has no record of those events as his files have since been destroyed. If that attorney somehow breached his duty of care to plaintiff, then plaintiff may have certain other remedies available to him against his attorney. He cannot, however, ask the court to overlook Attorney Knoblock's action or inaction with regard to the patent application. He hired Knoblock to represent him; Knoblock's actions must be imputed to him. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962) ("Petitioner voluntarily chose his attorney as his representative in the action and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.... Each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"); *Inryco, Inc. v. Metropolitan Engineering Co., Inc.*, 708 F.2d 1225, 1233 (7th Cir.1983) ("Courts hesitate to punish a client for its lawyer's gross negligence, especially when the lawyer affirmatively misled the client," but "if the client freely chooses counsel, it should be bound to counsel's actions."). See also, e.g., *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir.1985); *LeBlanc v. I.N.S.*, 715 F.2d 685, 694 (1st Cir.1983).

The court now addresses the parties' cross-motions for summary judgment.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *accord, Arkwright–Boston Mfg. Mutual Ins. Co. v. Wausau Paper Mills Co.*, 818 F.2d 591, 593 (7th Cir.1987). A material question of fact is a question which will be outcome-determinative of an issue in that case. *Big O Tire Dealers, Inc. v. Big O Warehouse*, 741 F.2d 160, 163 (7th Cir.1984).

Recently the Supreme Court of the United States took the opportunity to address Rule 56 of the Federal Rules of Civil Procedure. In two cases decided on the same

day, the Court has expanded the scope of the application of Rule 56. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the stricture of Rule 56.

After *Celotex* it is clear that a non-moving party may not rest on its pleadings to avoid summary judgment. *Celotex,* 106 S.Ct. at 2554. See also *Catrett v. Johns–Manville Sales Corp.,* 826 F.2d 33 (D.C.Cir. 1987). The initial burden is on the moving party to demonstrate " 'with or without affidavits' " the absence of a genuine issue of material fact, and that judgment as a matter of law should be granted in the moving party's favor. *Id.* 106 S.Ct. at 2553; *Arkwright–Boston, supra* 818 F.2d at 593. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine [material] issue for trial.' " *Id.; Arkwright–Boston, supra* at 593. Further, in *Anderson,* the Court held that what facts are material in a specific case shall be determined by the substantive law controlling that case or issue. *Anderson,* 106 S.Ct. at 2510. In addition, the Court went on to interpret Rule 56 as requiring that the courts analyze summary judgment motions utilizing the standard of proof relevant to that case or issue. *Id.* at 2512–2513. For recent academic insight into *Celotex* and *Anderson,* see Childress, *A New Era For Summary Judgments: Recent Shifts at the Supreme Court,* 116 F.R.D. 183–194 (1987). At page 194 thereof, the author states:

> "The recent Supreme Court cases likely require that summary judgment be more readily granted.... [t]his emerging trend signals a new era for summary judgments, one in which the old presumptions are giving way to a policy of balancing and efficiency, and the mechanism is more appropriate to double as a sufficiency motion—allowing some sort of trial itself on the paper record."

For the judicial epilogue of *Celotex,* see *Catrett v. Johns–Manville Sales Corp.,* 826 F.2d 33 (D.C.Cir.1987).

There are no disputed issues of material fact. Therefore, the court must scrutinize these facts and make its conclusions of law. Because the Commissioner's decision has not been shown to be arbitrary or capricious and because plaintiff has failed to bear his burden of advancing any valid reason why this court should set aside the Commissioner's ruling, this court now GRANTS Commissioner's motion for summary judgment, thereby DENYING plaintiff's motion for summary judgment. The Commissioner's decision stands. Costs assessed against the plaintiff. IT IS SO ORDERED.