**Robert BORGAN and Mary Borgan, Plaintiffs,**

v.

**M/V SAMMI FRONTIER, Defendant.**

No. C88–150TB.

United States District Court, W.D. Washington, at Tacoma.

July 1, 1988.

Jess G. Webster, Jeffrey L. Jernegan, Richard J. Smith, Mikkelborg, Broz, Wells & Fryer, Seattle, Wash., for plaintiffs.

Robert J. Bocko, Bradbury, Bliss & Riordan, Seattle, Wash., for defendant.

ORDER 1) GRANTING CLAIMANT'S MOTION TO DISMISS AND TO EXONERATE SECURITY; and 2) DENYING PLAINTIFF'S MOTION TO TRANSFER IN REM PROCEEDING TO THE DISTRICT OF ALASKA

BRYAN, District Judge.

THIS MATTER comes before the court on Claimant Pan Ocean, Ltd.'s Motion to Dismiss and to Exonerate Security. The court has reviewed the motion, the documents filed in support of and in opposition to the motion, and relevant portions of the case file.

Plaintiffs Borgan filed Longshoreman's Complaint for Personal Injuries on June 25, 1985, in the District of Alaska at Anchorage, stemming from an accident Mr. Borgan suffered on board the defendant vessel on September 27, 1983. The *in rem* portion of the case was subsequently transferred to this court after plaintiffs located the vessel in Tacoma, Washington, on March 28, 1988, and instituted arrest proceedings. Claimant Pan Ocean, Ltd. purchased the defendant vessel from defendant Sammi Corporation in July, 1984. Sammi Corporation is a defendant in the *in personam* proceeding that remains in Alaska.

Claimant's motion for dismissal is posited on untimely service pursuant to Fed.R. Civ.P. 4(j). The record does not reflect any concrete efforts to arrest the vessel until March 28, 1988, nor does it reflect plaintiffs' request for an extension pursuant to Fed.R.Civ.P. 6(b). Local Civil Rule 4(j) also provides that a plaintiff, for good cause shown, may move for an extension of time in which to serve the summons and complaint, *provided that the time for service has not yet expired.*

Claimant states that the defendant vessel called on the Alaskan ports of Wrangell and Afognak on November 7, 1985, and October 10, 1987, respectively, and on the mainland ports of Los Angeles, Oakland, and Long Beach, California; Aberdeen, Port Townsend, Port Angeles, Vancouver, Longview, and Seattle, Washington; and on the Columbia River; at least 20 times between May, 1985 and January, 1988. Claimant argues that because plaintiffs did not effect arrest of the vessel within the 120–day period of Fed.R.Civ.P. 4(j), did not show good cause for their failure to do so, and did not obtain an extension available under the rules, this cause of action should be dismissed. Plaintiffs contend that they exercised due diligence in arresting the vessel and that their reasons for delay, discussed *infra,* constitute good cause.

## DISCUSSION

Admiralty *in rem* process is begun by arrest of the *res. Alyeska Pipeline Service Co. v. Vessel Bay Ridge,* 703 F.2d 381 (9th Cir.1983). The Federal Rules of Civil Procedure are applicable to admiralty actions "except to the extent they are inconsistent with [the] supplemental rules." Fed.R.Civ.P. Supplemental Admiralty Rule A. Service of the summons and complaint must be served upon the defendant within 120 days after the filing of the complaint, or the plaintiff must show good cause for the delay to avoid dismissal without prejudice. Fed.R.Civ.P. 4(j).

The Ninth Circuit has consistently mandated dismissal when the plaintiff does not complete service within the 120–day period of Fed.R.Civ.P. 4(j), unless plaintiff shows good cause for the delay. *Townsell v. County of Contra Costa,* 820 F.2d 319 (9th Cir.1987); *United States ex rel. Deloss v. Kenner General Contractors, Inc.,* 764 F.2d 707 (9th Cir.1985); *Wei v. Hawaii,* 763 F.2d 370 (9th Cir.1985).

Good cause is a "substantial reason, one that affords a legal excuse . . . , [the finding of which] lies largely in [the] discretion of [the] officer or court to which decision is committed." *Black's Law Dictionary* 623 (5th ed. 1979). The Ninth Circuit addressed the difficulty in defining good cause as follows:

The legislative history of Rule 4(j) provides us little help in discerning the meaning of "good cause". The legislative history provides "only a single (and most obvious) illustration of 'good cause' —the putative defendant's 'evasion of service.' "

*United States ex rel. Deloss,* 764 F.2d at 710 (citations and footnote omitted).

First, plaintiffs argue their delay in service was excused by the Sammi defendants' refusal to cooperate with plaintiffs' requests for the vessel's sailing schedule. Plaintiffs assert that "[t]he Sammi defendants are guilty of concealing their knowledge of the whereabouts of the vessel for a substantial period of time preventing her earlier arrest." Plaintiffs' Opposition to Motion to Dismiss at page 4. No such concealment is apparent from the file and no concealment that would amount to an evasion of service is shown. Plaintiffs do not cite any authority for their apparent contentions that a vessel's former owner has a responsibility to ascertain the current whereabouts of that vessel, and that a former owner's lack of cooperation in locating a vessel constitutes evasion of service. The court refuses now to find good cause based on such contentions.

Second, plaintiffs do not contend that Pan Ocean, Ltd., the vessel's owner since July 1984, evaded service. Plaintiffs do, however, challenge Pan Ocean, Ltd.'s ownership of the vessel by citing to the fact that the Sammi defendants and Pan Ocean, Ltd. share the same insurance carrier. This contention is countered by Claimant

Pan Ocean, Ltd. in the affidavit of Y.K. Kim, wherein Mr. Kim states that Pan Ocean Shipping Co., Ltd. and Sammi Corporation never shared common ownership, interests, officers, or directors. Plaintiffs' bare contention disputing the ownership of the defendant vessel is not sufficiently supported to constitute good cause for the delay in service.

Third, plaintiffs argue that arrest at Wrangell was not possible because Wrangell is 1200 air miles from Anchorage, Alaska. Plaintiffs cite no authority for distance being a factor in finding good cause for delay. Parenthetically, the court notes that plaintiffs were able to institute arrest proceedings against the vessel in Tacoma, Washington, which is 1448 air miles from Anchorage, according to Alaska Airlines. This fact further undermines plaintiffs' contention that distance constitutes good cause for delay. *Tamini v. M/V Jewon*, 1986 A.M.C. 2184, 2189, 1986 WL 4067 (S.D.N.Y.1986), *reversed on other grounds*, 808 F.2d 978 (2d Cir.1987).

Fourth, plaintiffs allege that no published account of the vessel's visits to Alaskan ports was available in Anchorage. Plaintiffs provide no evidence by way of affidavit or other means to support this allegation or the inference that such a published report is the exclusive means of learning the vessel's whereabouts. The *Tamini* court observed that "Lloyds Intelligence Services places watches on vessels and advises clients of the target's whereabouts through prompt telex reports." *Id.*

Last, plaintiffs assert, without supporting authority, that only 60 days should be counted in calculating the 120–day period contemplated by Fed.R.Civ.P. 4(j). Plaintiffs argue that the statute of limitations is tolled while a defendant vessel is away from the United States, but *offer no au*thority that this tolling should also apply to the service of a summons and complaint once an action has been filed. Without supporting authority, this court will not so expand the clear language of the rule.

The purpose of the 120–day rule is to promote diligence by parties and counsel in prosecuting causes of action. *Wei*, 763 F.2d at 372. Plaintiffs assert that "they were extrememly [sic] interested in arresting the vessel." Plaintiffs' Opposition at page 6. However, the record indicates that this purported interest does not constitute the diligence in prosecuting a cause of action as contemplated by the rule and the *Wei* court. "[T]he good cause exception would swallow the rule" if this court were to hold that plaintiffs' reasons for the three-year delay in arresting the vessel constitute good cause. *Id.*

Dismissal for untimely service is without prejudice. Fed.R.Civ.P. 4(j). Plaintiffs contend that dismissal in this case is the equivalent of summary judgment because plaintiffs cannot refile in Alaska, as their claim is now time barred by the statute of limitations. Whether plaintiff's contention is true is not here decided. In any event, "[i]n enacting Rule 4(j) Congress balanced the possible loss of a litigant's federal cause of action against the need to encourage diligent prosecution of lawsuits." *Townsell*, 820 F.2d at 321. Plaintiffs' contention that this cause of action will be lost does not argue persuasively against dismissal under Fed.R.Civ.P. 4(j).

Therefore, as plaintiffs have not shown good cause for their delay, nor obtained an extension available under both Fed.R.Civ.P. 6(b) and Local Civil Rule 4(j), nor offered an explanation for their failure to obtain an extension, Claimant's Motion to Dismiss and to Exonerate Security should be granted.

Claimant asserts alternative grounds upon which the court could grant dismissal of the action. Among these are plaintiffs' failure to verify their original complaint, or to obtain leave to amend complaint; that plaintiffs' claim is time barred under the doctrine of laches; and that because arrest had not been effected in Alaska, there was not an existing *in rem* proceeding for the District of Alaska to transfer to this court. Because dismissal for untimely service will be granted, the court does not reach these alternative grounds. Neither will the court decide Plaintiffs' Motion to Transfer *In Rem* Proceeding to the District of Alaska, which motion is presently before the court,

because it has been rendered moot by the court's decision herein.

## ORDER

Therefore, for the foregoing reasons, it is now

ORDERED:

1. Claimant's Motion to Dismiss and to Exonerate Security is hereby GRANTED;

2. Plaintiffs' complaint is DISMISSED without prejudice; and Claimant's security is hereby EXONERATED; and

3. Plaintiffs' Motion to Transfer *In Rem* Proceeding to the District of Alaska is DENIED as moot.