892 F.2d 82
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julia J. GARLINGTON, by Kathryn Von Zumwalt-Tisch, Guardian
Ad Litem, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-6586.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug 11, 1989.
Decided Dec. 28, 1989.
 
 Before BROWNING, FARRIS and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Garlington appeals the dismissal of her complaint for failure to serve timely process on the United States. Fed.R.Civ.P. 4(j). Garlington's attorney employed his regular process-serving firm, which improperly served the Veterans Hospital instead of serving the United States Attorney as required by Fed.R.Civ.P. 4(d)(4). The improper service was effected at 4:29 p.m. on March 24, 1987, three days before the extended deadline established by the district court. The return of service indicated that service had been made upon an employee of the Veterans Hospital. Garlington's counsel either did not see or did not notice the return indicating defective service. He was in a serious automobile accident on March 27, 1987. Service was subsequently made properly on the United States Attorney on June 4, 1987. On October 16, 1987, the district court dismissed, holding that there was no "good cause" for relief from dismissal, within the meaning of Fed.R.Civ.P. 4(j).
 
 
 3
 The decision whether "good cause exists for failure to effect proper service lies within the discretion of the district court. Wei v. Hawaii, 763 F.2d 370, 371 (9th Cir.1985). We review only for an abuse of that discretion. Id. The order of the district court makes clear that the district court was unaware that Garlington would suffer any prejudice from the dismissal. In fact, the statute of limitations had run by the time of the dismissal, barring a refiling of Garlington's claim. Because the district court's misimpression may have affected the exercise of its discretion, we vacate the dismissal and remand for a new discretionary ruling on "good cause."
 
 VACATED AND REMANDED[1]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as
 
 
 [1]
 Each party will bear its own costs for this appeal