974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael John HUNNIECUTT, James Michael Dinges, Robert
Charles Freese, Thomas J. Hull, Gary Earl Hunniecutt, Frank
Michael Crisci, Rodney Arthur James, Michael Kasten, James
Russell Langman, Gerard Miller, Robert Lane Mixon, Jr. Jesse
Douglas Phipps, Douglas A. Stroble, Donald Lewis Walker,
Robert John Walworth, Wayne Michael Wood, Isham Pie, Joel D.
Merriam, Eldon Goldman, Plaintiffs-Appellants,
v.
UNITED STATES of America; United States of America,
Department of the Army; United States of America,
Corps of Engineers of the Department of
the Navy, Defendants-Appellees.
 No. 91-35342.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 18, 1992.*
Decided Sept. 3, 1992.
 
 Before HUG, D.W. NELSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Hunniecutt and eighteen other individuals (collectively "Hunniecutt") brought suit against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671-2680. When Hunniecutt failed to complete service upon the United States pursuant to F.R.C.P. 4(j), the government moved to dismiss the complaint. Hunniecutt then sought discovery in opposition to the motion to dismiss. The district court granted both the government's request for a protective order preventing Hunniecutt from conducting discovery and its motion to dismiss. Subsequently, Hunniecutt brought this appeal. Both the dismissal of the complaint for failure to effect timely service and the protective order preventing discovery are affirmed.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 Under the direction of the United States Army Corps of Engineers, the plaintiffs were employed in a renovation project involving the facilities at Tin City Air Force Station in Alaska. Hunniecutt claims that workers were exposed to asbestos as a result of their employment at the Station.
 
 
 4
 On December 23, 1987, all but two of the plaintiffs filed an administrative claim for personal injuries with the Army Corps of Engineers. Pursuant to 28 U.S.C. § 2675, Hunniecutt filed a claim under FTCA with the district court on December 22, 1988, after receiving no response to his administrative claim. Hunniecutt did not serve the United States Attorney for the District of Alaska until approximately 180 days later, on June 21, 1989. In February 1990, Hunniecutt finally received a letter of final denial from the Army Corps of Engineers. Service on the Attorney General, which was also required, was not accomplished until August 27, 1990.
 
 
 5
 Three days after service on the Attorney General, the United States filed a Rule 12(b) motion to dismiss for insufficiency of process. On September 28, 1990, Hunniecutt filed a motion for extension of time, citing a need to conduct discovery to support an equitable estoppel argument in opposition to the motion to dismiss. Hunniecutt alleges that he wanted to show that the government maliciously waited to file the motion until the statute of limitations for the F.T.C.A. action had run. On October 24, 1990, the United States sought a protective order precluding discovery relating to the motion to dismiss. The district court issued a protective order on November 9, 1990, and granted the motion to dismiss for failure to effect service pursuant to Rule 4(j) on January 15, 1991. The district court held that Hunniecutt's complaint was dismissed because Hunniecutt failed to show "good cause" for noncompliance with Rule 4(j). The court declined to address the issue of whether the government was required to file the 12(b) motion within the 60 day period required for a responsive pleading.
 
 
 6
 The district court's dismissal of a complaint pursuant to Rule 4(j) is reviewed for an abuse of discretion. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir.1985). The grant of a protective order relating to discovery is also reviewed for abuse of discretion. KL Group v. Case, Kay & Lynch, 829 F.2d 909, 915 (9th Cir.1987).
 
 
 7
 On appeal, Hunniecutt alleges that the district court abused its discretion in granting the government's motion to dismiss because the government's failure to file a responsive pleading within 60 days of service of the complaint is good cause for Hunniecutt's failure to comply with Rule 4(j). Hunniecutt, however, cannot rely on the government's alleged delay in filing a motion to dismiss to support "good cause" within the meaning of Rule 4(j). In order to obtain relief from the strict mandate of Rule 4(j), Hunniecutt must prove substantial compliance with the following four part test: a) the party that had to be served received actual notice; b) the defendant would suffer no prejudice from defect in service; c) justifiable excuse exists for failure to serve properly; and d) plaintiff would be severely prejudiced if the complaint were dismissed. Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir.1984). Hunniecutt must meet the elements of this test independent of the government's own actions.
 
 
 8
 Based on the facts of the case, Hunniecutt can meet only part four of the test definitively. Under no circumstances, however, can Hunniecutt establish compliance with the first and third parts of the Borzeka test.
 
 
 9
 First, the United States did not receive actual timely notice. As Hunniecutt acknowledges, the United States first received notice when the United States Attorney was served approximately 180 days after the complaint was filed. The Attorney General was not served until much later. Although Hunniecutt alleges that the United States did receive timely notice through the filing of the administrative claim with the Army Corps of Engineers, notice of an administrative claim is not equivalent to receiving notice of the commencement of a legal proceeding.
 
 
 10
 Second, Hunniecutt is also unable to demonstrate justifiable excuse for his failure to serve properly. Because there is no evidence that government misrepresentations caused him to delay service until the 120 day period for service had expired,[1] Hunniecutt cannot rely on the actions of the United States to support a claim of good cause for failing to comply with Rule 4(j). McGregor v. United States, 933 F.2d 156, 161 (2nd Cir.1991).
 
 
 11
 Under Rule 4, if the plaintiff fails to show good cause as to why service was not made within the required period, the action "shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice such party or on motion." (emphasis added). District courts have wide discretion to dismiss a complaint sua sponte if a plaintiff has failed to serve process within 120 days without good cause. See Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir.1985). The district court exercised that power in this case.
 
 
 12
 Hunniecutt next argues that the district court abused its discretion by issuing an order precluding him from conducting discovery necessary to show good cause for failing to serve the United States within 120 days in response to the government's motion to dismiss. He alleges that the United States failed to show that discovery would tend to annoy, embarrass, oppress, or create an undue burden or expense to the United States or otherwise show good cause for the request for a protective order. Therefore, Hunniecutt claims that the district court could not reasonably conclude that a protective order pursuant to Rule 26(c) was justified.
 
 
 13
 As a general principle, when pertinent facts bearing on the question of jurisdiction are at issue, discovery should be allowed. America West Airlines, Inc. v. GPA Group, Ltd., 877 F.2d 793, 801 (9th Cir.1989); Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430-31, n. 24 (9th Cir.1977). Nevertheless, the district court does not abuse its discretion in forbidding discovery on jurisdictional issues "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." America West, 877 F.2d at 801 (citing Wells Fargo, 556 F.2d at 431, n. 24). Defenses of insufficiency of service of process are similar although not identical to jurisdictional defenses. See Santos, 902 F.2d at 1095.
 
 
 14
 Even if the high presumption against protective orders for jurisdictional issues is applied in this case, Hunniecutt's claim cannot succeed. Based on the information provided by the parties, it does not appear that discovery would in any way assist Hunniecutt in showing good cause for failure to comply with Rule 4(j). As explained above, Hunniecutt cannot show good cause by showing that the government purposely waited to file the motion to dismiss. Instead, he must show that he had good cause for failing to serve the government in the first instance. Any facts tending to show good cause would already be in Hunniecutt's hands. Although Hunniecutt's allegation that the United States did not make a strong showing that discovery would annoy, embarrass, oppress, or create an undue burden or expense to the government is probably true, it cannot be said that the district court abused its discretion in granting the protective order because discovery could not have aided Hunniecutt in establishing good cause for failure to comply with Rule 4(j) under any factual circumstances.
 
 
 15
 Hunniecutt has not shown he had good cause for failing to complete service on the United States until 20 months after the complaint was filed. Because discovery would be irrelevant to a finding of "good cause" within the meaning of Rule 4(j), the district court also did not abuse its discretion by issuing a protective order.
 
 
 16
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided for by Ninth Circuit Rule 36-3
 
 
 [1]
 Hunniecutt alleges that service of process was delayed because he wanted to wait for the results of the administrative claim. By filing the complaint in the district court, however, Hunniecutt has chosen to deem the agency's lack of response as a final denial of the claim. 28 U.S.C. § 2675(a). Hunniecutt does not allege that the government improperly advised him on any matters of law or fact or otherwise lulled him into serving process in an untimely manner