990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wilfred CARTER, Plaintiff-Appellant,
v.
CERTIFIED GROCERS OF CALIFORNIA LTD.; Abe Abrahamian;
George Whitman; Clay Devillier, Defendants-Appellees,
Wilfred CARTER, Plaintiff-Appellee,
v.
CERTIFIED GROCERS OF CALIFORNIA, LTD., Defendant-Appellant.
 Nos. 91-55629, 91-55699.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1993.*
Decided March 8, 1993.
 
 Before D.W. NELSON, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wilfred Carter appeals pro se the district court's dismissal of his case pursuant to Fed.R.Civ.P. Rule 4(j). Certified Grocers of California, Ltd. cross-appeals the district court's denial of Rule 11 sanctions. We affirm the district court on both accounts.
 
 I. BACKGROUND
 
 3
 Carter filed his complaint in the district court on July 27, 1990, claiming employment discrimination. He attempted to serve Certified Grocers soon thereafter.[1] In September, 1990, Carter requested and received entry of default against Certified Grocers. Certified Grocers moved to set aside the default, claiming the summons and complaint had not been properly served. On November 26, 1990, the district court granted Certified Grocers' motion.
 
 
 4
 Two and a half months later, Certified Grocers again asserted that it had not been properly served--this time as part of a motion to dismiss pursuant to Fed.R.Civ.P. Rule 4(j), which requires that the summons and complaint be served within 120 days of filing. Carter never filed an opposition to this motion. On April 30, 1991, the district court granted the motion and the case was dismissed. Carter timely appealed to this court.
 
 II. SERVICE ON CERTIFIED GROCERS
 
 5
 We review the district court's factual determinations for clear error. In re San Vicente Medical Partners Ltd., 962 F.2d 1402, 1405 (9th Cir.), cert. denied, 113 S.Ct. 210 (1992). In its November 26, 1990 order setting aside the default, the district court found that the attempted service by mail was defective because the required acknowledgement forms were missing, and that no other means of service had been attempted. Although there was conflicting evidence before the district court, we cannot say this factual determination was clearly erroneous.
 
 III. CARTER'S APPEAL
 
 6
 As a preliminary matter, the decision to set aside the default is not properly before this court.[2] However, we note that relief from entry of default was proper because of inadequate service of the summons and complaint.
 
 
 7
 We turn now to the dismissal of Carter's case. Dismissal under Rule 4(j) is reviewed for abuse of discretion. West Coast Theater Corp. v. Portland, 897 F.2d 1519, 1528 (9th Cir.1990). Carter filed no opposition to Certified Grocer's motion to dismiss. In light of his failure to oppose, the district court deemed Carter to have consented to the motion, as permitted by the Local Rules.[3] We cannot say the district court abused its discretion in granting Certified Grocers' unopposed motion.
 
 
 8
 Even if the district court's "deeming" of Carter's consent were improper, we would nevertheless have to affirm. When proper service is not made within 120 days, Rule 4(j) requires dismissal without prejudice unless the plaintiff shows good cause for the failure to serve. Fed.R.Civ.P. Rule 4(j); Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir.1985). In response to the motion to dismiss, Carter did not establish good cause for the failure to serve; in fact, he filed no opposition at all. Furthermore, Carter never attempted to perfect service after the issue was first raised, although he had more than two months in which to do so.[4] Since Carter did not show good cause for his failure to serve Certified Grocers within 120 days, dismissal under Rule 4(j) was appropriate.
 
 IV. CERTIFIED GROCERS' CROSS-APPEAL
 
 9
 Certified Grocers cross-appeals the district court's denial of Rule 11 sanctions. We review the district court's decisions regarding Rule 11 sanctions for abuse of discretion. Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 405 (1990). In denying sanctions in this case, the district court did not abuse its discretion in light of the fact that Carter appeared pro se.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Carter named three individuals and Certified Grocers (his employer) as defendants, asserting claims under 42 U.S.C. §§ 1981 and 1983 and under state law. The district court dismissed the state law claims sua sponte and later dismissed the three individual defendants from the action. This appeal relates only to those claims which remained
 
 
 [2]
 Carter does not raise this issue in his notice of appeal, nor does he argue the issue in his brief as filed; however Certified Grocers's brief addresses the issue at length. Presumably, this argument was raised in the version of the brief Carter first attempted to file, which was refused by the clerk because of errors in form
 Carter's notice of appeal refers only to the district court's order dated April 30, 1991. Neither the notice of appeal nor the April 30, 1991 order concerns the decision to set aside the default. Because Carter did not raise the issue in his notice of appeal, this court cannot review the order setting aside the default. Fed.R.App.P. Rule 3(c); Roberts v. College of the Desert, 870 F.2d 1411, 1418-1419 (9th Cir.1989); Casella v. Webb, 883 F.2d 805, 807 n. 2 (9th Cir.1989).
 
 
 [3]
 Local Rule 7.9 of the Central District of California says: "Papers not timely filed ... may be deemed by the Court consent to the granting or denial of the motion, as the case may be" (emphasis added)
 
 
 [4]
 Certified Grocers first asserted the defect in service on September 13, 1990, when it objected by special appearance to Carter's request for default judgment. The 120-day period permitted by Rule 4(j) did not expire until November 26, 1990