24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Bruce FLANAGAN and Joan Flanagan, Plaintiffs-Appellants,
v.
RESOLUTION TRUST CORPORATION, Defendant-Appellee.
 No. 92-17090.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1994.
Decided May 12, 1994.
 
 Before: FLETCHER, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Flanagans appeal the district court's dismissal of their action. On July 12, 1991, the Office of Thrift Supervision appointed the Resolution Trust Corporation ("RTC") as receiver of Pacific Coast Federal ("PCF"). The RTC set a bar date of October 17, 1991 for claims against PCF and sent the Flanagans' attorney a letter notifying them of the bar date. See 12 U.S.C. Sec. 1821(d)(3) (Supp. I 1989). The letter included a Proof of Claim form for claims against the RTC as receiver for PCF.
 
 
 3
 The Flanagans filed a claim with the RTC on October 15, 1991. Their claim was based on the directors' of Pacific Coast Savings ("PCS") alleged tortious conduct arising out of a settlement agreement between PCS and the Flanagans. PCS was the predecessor to PCF. On May 11, 1992, after the RTC took no action on the claim, the Flanagans filed a complaint in federal court. The district court dismissed the action for insufficient service of process, see Fed.R.Civ.Proc. 12(b)(5), 4(j), and for lack of subject matter jurisdiction, see Fed.R.Civ.Proc. 12(b)(1).
 
 
 4
 "We review a district court's dismissal of a complaint pursuant to Rule 4(j) for abuse of discretion." Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir.1985). Federal Rule of Civil Procedure 4(j) states:
 
 
 5
 If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed....
 
 
 6
 The Flanagans filed their complaint on May 11, 1992. They sent the RTC a copy of the complaint on May 12, 1992, as an exhibit attached to a motion in another case, but sent no summons. Rule 4(j) requires service of both a complaint and a summons. The district court correctly concluded that this was insufficient service of process.
 
 
 7
 The Flanagans did serve the RTC with both a summons and complaint on September 9, 1992, which was 121 days after the complaint was filed. The Flanagans' claim they had good cause for not timely serving the RTC: excusable neglect. Attorney inadvertence does not qualify as good cause for failing to comply with Rule 4(j). Wei, 763 F.2d at 372; Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir.1987). "The rule is intended to force parties and their attorneys to be diligent in prosecuting their causes of action." Wei, 763 F.2d at 372. The district court did not abuse its discretion in dismissing the complaint pursuant to Rule 4(j).
 
 
 8
 Because the district court properly dismissed the complaint for improper service, we need not consider whether the district court had subject matter jurisdiction.
 
 
 9
 We AFFIRM the district court order.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3