106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward DEMERSON, Plaintiff-Appellant,
v.
Sherman BLOCK, Sheriff; (Unknown) Henson, Supervisor 2nd
Watch, Hall of Justice Jail; (Unknown)
Cobarrubias; (Unknown) Clappers,
Officer, Defendants-Appellees.
 No. 95-55565.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1997.*
Decided Jan. 24, 1997.
 
 Before: FLETCHER and TROTT, Circuit Judges, and Jenkins,** District Judge.
 MEMORANDUM***
 Edward Demerson, a California state prisoner, appeals pro se the district court's dismissal on summary judgment of his 42 U.S.C. § 1983 action alleging that prison officials were deliberately indifferent to his safety in violation of the Eighth Amendment. Demerson stated in his sworn complaint that he informed the defendants that another inmate had threatened to kill him, that the defendants failed to transfer him to another area of the jail, and that he was later stabbed and seriously injured. We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part, reverse in part, and remand.
 I.
 We review de novo the district court's grant of summary judgment. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We review for abuse of discretion the district court's dismissal of an action for untimely service. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir.1985).
 II.
 " '[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners.' " Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citation omitted). This duty falls within the officials' obligation under the Eighth Amendment to provide humane conditions of confinement. See id. at 832-33; Wilson v. Seiter, 501 U.S. 294, 303 (1991). An inmate's Eighth Amendment claim that a prison official has breached this duty must satisfy both an objective and a subjective requirement. Farmer, 511 U.S. at 834; Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.1994), cert. denied, 115 S.Ct. 1695 (1995). To meet the objective requirement, the inmate must demonstrate that he sustained a sufficiently serious injury or faced the risk of a sufficiently serious injury. Farmer, 511 U.S. at 834. To meet the subjective requirement, the inmate must demonstrate that prison officials knew of and disregarded the risk of serious injury to him. Id. at 839-40.
 III.
 Upon our review of the record, we conclude that Demerson failed to establish a genuine issue as to defendant Block's personal participation in the alleged Eighth Amendment violations. Accordingly, the district court properly granted summary judgment in favor of Block. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 IV.
 Demerson did, however, establish a genuine issue of material fact as to the remaining defendants' knowledge and disregard of a risk to Demerson's safety. In his sworn complaint, Demerson stated that he told defendants Henson and Clappers that another inmate had threatened his life, and that these defendants did not transfer Demerson to another area of the jail. In his deposition, Demerson testified that he told defendants Henson, Clappers, and Cobarrubias, on several occasions, that another inmate had threatened his life, and that these defendants moved Demerson temporarily but did not transfer him to another area of the facility. After Demerson was moved back to his original unit, one of the group about which he allegedly had complained stabbed him during an altercation.
 Although Henson and Cobarrubias submitted sworn statements indicating that they did not recall having such conversations with Demerson, these statements are evidence of the genuine and material factual dispute between the parties and indicate that summary judgment is not appropriate. Moreover, the fact that Henson and Cobarrubias stated they were not on duty when Demerson was stabbed is not dispositive on the issue of whether these defendants knew of and disregarded a risk to Demerson's safety.
 Accordingly, the district court erred in granting summary judgment for defendants Henson and Cobarrubias.
 V.
 Finally, the district court erred by dismissing Demerson's complaint against defendant Clappers for untimely service of process. In his "Acknowledgment Received," filed on September 17, 1992, Demerson explained that he served defendants Henson, Cobarrubias, and Clappers by certified mail on September 1, 1992, and that he received three return receipts signed by a person authorized to receive service. Accordingly, all three defendants were served pursuant to Fed.R.Civ.P. 4(e).
 Although defendants Henson and Cobarrubias have acknowledged that they were timely served, defendant Clappers has consistently denied receiving timely service. Even assuming that defendant Clappers was not effectively served on September 1, 1992, we conclude that Demerson's explanation of September 17, 1992, would establish good cause for failure to serve Clappers within the 120 days mandated by Rule 4(m). See Wei, 763 F.2d at 371.
 Accordingly, the district court erred by dismissing Demerson's complaint against defendant Clappers. See id. Because defendant Clappers acknowledges that he has now been served with a summons and complaint, he should be included as a defendant when this case is remanded to the district court.[1]
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Bruce S. Jenkins, Senior United States District Judge for the District of Utah, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We conclude that the district court did not err by staying discovery with respect to Clappers in light of its dismissal of Demerson's complaint against Clappers. Upon remand, however, the district court should allow Demerson to pursue discovery against Clappers in a manner consistent with the Federal Rules of Civil Procedure