**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSE DUNCAN, | No. 16-16545 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-01229-JCM-GWF |
| v. | |
| MEGAN J. BRENNAN, Postmaster General, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Rose Duncan appeals pro se from the district court's judgment dismissing her employment action alleging federal claims against her previous employer. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to serve a summons and complaint in a timely manner. *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990). We affirm.

The district court did not abuse its discretion in dismissing Duncan's action for failure to effectuate timely service because Duncan failed to show good cause for her non-compliance with the service requirements of Fed. R. Civ. P. 4. Specifically, Duncan did not provide the U.S. Marshals with summonses for all of the recipients required under Rule 4(i)(1)-(2) until two months after the district court directly advised her whom to serve, and seven months after the district court's extension of the service deadline. *See Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) ("[Rule 4] places the burden of showing good cause for failure to meet the [service] deadline upon the party on whose behalf service was required."); *see also Townsel v. Contra Costa County*, 820 F.2d 319, 320 (9th Cir. 1987) ("To hold that complete ignorance of [Rule 4] constitutes good cause for untimely service would allow the good cause exception to swallow the rule.").

The district court did not abuse its discretion in denying Duncan's first request for appointment of counsel. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1102-03 (9th Cir. 2004) (the decision to appoint counsel is "within the sound discretion of the trial court and is granted only in exceptional circumstances" (citation and internal quotation marks omitted)).

We lack jurisdiction to review the district court's order denying Duncan's

second request for appointment of counsel. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007) (discussing the requirement to file an amended or new notice of appeal in order to contest an issue arising after filing an earlier notice of appeal).

We reject as without merit Duncan's contention relating to Brennan's notice of claim.

**AFFIRMED.**